1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY JOAN PORSCH, | Case No.  1:13-cv-01795-AWI-SAB |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| BETH MORRISON, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.**

**INTRODUCTION**

Plaintiff Tammy Joan Porsch, proceeding pro se in this civil action, filed this civil action on November 6, 2013.  Plaintiff filed a civil complaint coversheet, a letter to the court, exhibits, and an application to proceed in forma pauperis on November 6, 2013.  In order to commence a civil action, a plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure.  However, in the interest of liberally construing pro se pleadings, the Court shall construe Plaintiff's letter to the court as a complaint.

For the reasons set forth below, Plaintiff's complaint fails to state a cognizable claim for relief.  Plaintiff shall be granted an opportunity to correct the deficiencies in the complaint. Plaintiff has not indicated a federal right that has been infringed upon by the actions of the

1

1  defendants, and therefore, the Court shall provide legal standards that would appear to apply to
2  her claims.

3  ## II.

4  ## SCREENING REQUIREMENT

5  Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court
6  determines that the complaint fails to state a claim upon which relief may be granted.   In
7  determining whether a complaint fails to state a claim, the Court uses the same pleading standard
8  used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain
9  statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).
10  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
11  of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.
12  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

13  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
14  relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).
15  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . .
16  'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556
17  U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all
18  factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions
19  as true. Iqbal, 556 U.S. at 678.

20  ## III.

21  ## COMPLAINT ALLEGATIONS

22  Plaintiff brings this action against Defendants Beth Morrison and Raymond Hall.  Plaintiff
23  alleges that Child Protective Services ("CPS") took her children away from her in May of 2012
24  while she was in San Joaquin County.   At some point, Plaintiff's case was transferred to
25  Stanislaus County.  Plaintiff contends that Defendant Raymond Hall, who was the new social
26  worker on her case, stated that he would work with her, but he was actually already working to
27  have her children adopted.

28  At the end of November 2012, Defendant Hall began referring Plaintiff for services.

When Plaintiff informed Defendant Hall that she had just finished a parenting class in September 2012, he told her that she had to participate in a parenting class in Stanislaus County.  In March 2013, Plaintiff told Defendant Hall that she was pregnant and he did not believe her.  Defendant Hall told other workers and Plaintiff's counselor that she was faking her pregnancy.  Defendant Hall tried to grab Plaintiff but she ran from him because she was afraid.  (Compl. 1, ECF No. 1.)

On October 16, Defendant Morrison called Plaintiff and informed her that her visits with her children were being suspended.  Defendant Morrison raised her voice and was rude.  Plaintiff was only allowed to visit her children once a month.  A visit was scheduled for November 5 from 1 to 3 p.m.  Plaintiff was informed that her parental rights would be taken away in January 14, 2014.  (Id. at 3.)

Defendant Hall went on vacation on September 10.  Plaintiff's hearing was continued from September 10, to September 13, and then to September 19.  Plaintiff's services were terminated on September 19.  Plaintiff alleges that Defendant Hall yells at her, is very aggressive, and does not know how to talk to mothers.  (Id.)  Plaintiff states that she had an attorney who did not help her either.  (Id. at 4.)  Plaintiff brings this action to have her children returned to her, to prevent CPS from taking her newborn baby, and is seeking monetary damages for emotional distress.  (Id. at 2, 3.)

### III

### LEGAL STANDARDS

**A.     Federal Rule of Civil Procedure 8**

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of her complaint.  Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Federal Rule of Civil Procedure 8(a)(2).  "Each allegation must be simple, concise, and direct."  Federal Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b).  "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Federal Rule of Civil Procedure 10(b).

Plaintiff's complaint may not simply allege that a wrong has been committed and demand relief. The underlying requirement of Rule 8 is that the complaint give the defendant fair notice of the claim being asserted and the grounds upon which it rests. Yamaguichi v. United States Dep't of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997). Therefore, the complaint must set the elements of the claim plainly and succinctly. Jones v. Community Redevlopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984). In order to state a claim, "the plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (quoting Powell v. Workmen's Compensation Board, 327 f.2d 131, 137 (2d Cir. 1964)).

Further, under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 675. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**B.   Right to Familial Association**

"It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983." Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) (internal punctuation and citations omitted). In this instance, the state court has removed Plaintiff's children from her home and the juvenile dependency action is being overseen by a state court judge. Plaintiff has been provided with referrals and services and has been ordered to participate in drug treatment. (ECF No. 1 at 5-17.)

Following a court review of Plaintiff's case, on November 19, 2012, Plaintiff was served

4

with notice that her parental rights may be permanently terminated and she needed to make meaningful efforts to comply with the Reunification Plan which was included with the notice. (Id. at 19.)  A hearing was held in the Superior Court of Stanislaus County on July 8, 2013.  (Id. at 13-14.)  Plaintiff fails to show that she has been deprived of her parental rights without due process of law.

### C.    Social Worker Immunity

Social workers are entitled to absolute immunity "when they make 'discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents.' " Costanich v. Dep't of Social and Health Servs., 627 F.3d 1101, 1108 (9th Cir. 2010) (quoting Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir.2008)).  This absolute immunity in performing quasi-prosecutorial functions connected with the initiation of child dependency hearings extends to the pursuit of child dependency proceedings.  Meyers v. Contra Costa County Dep't of Social Servs., 812 F.2d 1154, 1157 (9th Cir. 1987).  A social worker's absolute immunity extends to functions that are critical to the judicial process.  Miller v. Gammie, 335 F.3d 889, 896 (9th Cir. 2003).  To the extent that the social worker made discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions they are only entitled to qualified immunity.  Miller, 335 F.3d at 898.

Plaintiff alleges that Defendant Hall informed her that she had to take a parenting class in Stanislaus County although she had completed a parenting class, and that Defendant Morrison served her with notice that her visitation with her children were being suspended and she was only allowed to see her children once per month.  These are actions taken in pursuit of the child dependency hearing and for which the social worker would be entitled to qualified or absolute immunity.

To the extent that Plaintiff alleges that the defendants are rude to her, yell at her, or that Defendant Hall attempted to grab her or accused her of lying about her pregnancy, as alleged these do not rise to the level of a constitutional violation.

### D.    Abstention

Under principles of comity and federalism, a federal court should not interfere with

ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971). <u>Younger</u> abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. <u>Middlesex County Ethics Comm. V. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982); <u>Dubinka v. Judges of the Superior Court</u>, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of <u>Younger</u> applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. <u>Dubinka</u>, 23 F.3d at 223. Although <u>Younger</u> dealt with a state court criminal prosecution, the doctrine is fully applicable to state court civil proceedings such as child custody cases. <u>Moore v. Sims</u>, 442 U.S. 415, 423 (1979).

The Supreme Court has held that federal courts can abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination. <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 813-14 (1976); <u>County of Allegheny v. Frank Mashuda Co.</u>, 360 U.S. 185, 188-89 (1959); <u>see also</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 716-17 (1996). In determining whether it should abstain, a federal court should consider problems which can occur when two courts assume jurisdiction over the same claim - the inconvenience of the federal forum, the avoidance of piecemeal litigation, and the order in which the parties filed the state and federal proceedings. <u>Colorado River</u>, 424 at 818-19.

In this instance, Plaintiff is currently involved in an ongoing juvenile dependency and parental severance proceedings in the State juvenile court system. The state court has been adjudicating this action for several years and has instituted orders which Plaintiff is required to comply with in order to regain custody of her children. If the Court were to grant the relief requested, ordering the children returned to Plaintiff, this Court would substantially interfere in the State's proceedings.

Further, familial relations are a traditional area of state concern. <u>Moore</u>, 442 U.S. at 435. The State has an important interest in ensuring that the best interest of the minor child and the constitutional rights of the parent are protected. Finally, Plaintiff has not shown that the state

1   court proceeding is an ineffective forum for her to adjudicate her federal rights.  Plaintiff has been

2   represented by an attorney in the proceedings who can ensure that Plaintiff's constitutional rights

3   are protected.

4       The Court finds that under <u>Younger</u> this court would be required to abstain from

5   interfering in the state court proceedings.

6                                    **IV.**

7                            **CONCLUSION AND ORDER**

8       For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

9   a violation of her constitutional rights.  Plaintiff is granted leave to file an amended complaint

10  within thirty days.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not

11  change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George</u>

12  <u>v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

13      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

14  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

15  rights, <u>Iqbal</u>, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus

16  on the duties and responsibilities of each individual defendant whose acts or omissions are

17  alleged to have caused a constitutional deprivation."  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir.

18  1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

19  relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

20      Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana,</u>

21  <u>Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and

22  must be "complete in itself without reference to the prior or superseded pleading," Local Rule

23  220.  "All causes of action alleged in an original complaint which are not alleged in an amended

24  complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d

25  811, 814 (9th Cir. 1981)); <u>accord Forsyth</u>, 114 F.3d at 1474.

26      Based on the foregoing, it is HEREBY ORDERED that:

27      1.      Plaintiff's complaint, filed November 6, 2013, is dismissed for failure to state a

28  claim upon which relief may be granted under section 1983;

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

3.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 14, 2013**

_____
UNITED STATES MAGISTRATE JUDGE

8