# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY JOAN PORSCH, | Case No. 1:13-cv-01795-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| BETH MORRISON, et al., | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| Defendants. | |

On November 6, 2013, Plaintiff Tammy Joan Porsch, proceeding pro se, filed a letter which the Court construed as a complaint. (ECF No. 1.) On November 15, 2013, the Court screened Plaintiff's letter and an order issued dismissing the complaint with leave to amend. (ECF No. 6.) On December 12, 2013, Plaintiff filed a second letter with the Court. (ECF No. 7.) On December 27, 2013, the Court issued an order disregarding Plaintiff's letter and providing her with thirty days to file an amended complaint that complied with the Federal Rules of Civil Procedure. (ECF No. 8.) More than thirty days have passed and Plaintiff has failed to file an amended complaint in compliance with the December 27, 2013 order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in

1

1  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
2  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
3  (5) the availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Products
4  Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations
5  omitted).  These factors guide a court in deciding what to do, and are not conditions that must be
6  met in order for a court to take action.  Id. (citation omitted).

7  　　　　The public's interest in expeditious resolution of the litigation and the Court's need to
8  manage its docket weigh in favor of dismissal.  Id.  Plaintiff was ordered to file an amended
9  complaint that complied with the Federal Rules of Civil Procedure within thirty days of
10 December 27, 2013.  Plaintiff has neither filed an amended complaint nor otherwise responded to
11 the Court's order.  Plaintiff's failure to comply with the orders of the Court hinders the Court's
12 ability to move this action towards disposition, and indicates that Plaintiff does not intend to
13 diligently litigate this action.

14 　　　　Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
15 rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,
16 1452-53 (9th Cir. 1994).  This risk of prejudice may be rebutted by Plaintiff offers an excuse for
17 the delay.  In re Eisen, 31 F.3d at 1453.  The risk of prejudice to the defendants also weighs in
18 favor of dismissal.

19 　　　　The public policy in favor of deciding cases on their merits weighs against dismissal.
20 However, it is Plaintiff's responsibility to move this action forward.  This action can proceed no
21 further without Plaintiff's cooperation and compliance with the order at issue, and the action
22 cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor
23 does not outweigh Plaintiff's failure to comply with the Court's orders.

24 　　　　Finally, the Court finds that no other less drastic sanctions are available.  Since Plaintiff is
25 proceeding in forma pauperis ordering monetary sanctions would be futile.

26 　　　　Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without
27 prejudice, for Plaintiff's failure to prosecute.

28 　　　　These findings and recommendations are submitted to the district judge assigned to this

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 31, 2014**

UNITED STATES MAGISTRATE JUDGE